UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS M. BRIM,

        Plaintiff,                      Case No. 2:10-cv-64

v.                                                Honorable Gordon J. Quist

PRISON HEALTH SERVICES, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Marcus M. Brim filed this civil rights action pursuant to 42 U.S.C. § 1983 against health care officials at the Alger Maximum Correctional Facility (LMF). Plaintiff has filed a request for a temporary restraining order and preliminary injunction, alleging that on August 2, 2009, he injured his knee playing basketball and that the defendants refused to provide him with appropriate medical treatment.

I have reviewed Plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that Plaintiff will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that Plaintiff's request for a temporary restraining order and preliminary injunction be denied.

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

    1.    Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

      2.      Whether the movant has shown irreparable injury.

      3.      Whether the preliminary injunction could harm third parties.

      4.      Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also, Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the defendants have violated his federal rights. Plaintiff alleges that he suffered a knee injury as the result of playing basketball and that he has not yet received adequate treatment for his injury. However, Plaintiff's allegations regarding his injury are somewhat vague and conclusory. Moreover, Plaintiff has failed to specifically describe the injury suffered, or to establish that he will suffer irreparable harm absent injunctive relief.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for a temporary restraining order and preliminary injunction (Docket #3) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:  February ___, 2005                    _____
                                              TIMOTHY P. GREELEY
                                              UNITED STATES MAGISTRATE JUDGE