UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS BRIM,

    Plaintiff,

v.

Case No. 2:10-cv-64
HON. GORDON J. QUIST

MARY ROSE GALLOWAY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Marcus Brim, an inmate currently confined at the Chippewa Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the remaining defendants, Alger Correctional Facility employees nurses Mary Rose Galloway and Roberta Clark. Defendant Clark has not been served with a summons and complaint.

Plaintiff alleges that he injured his knee while playing basketball on August 2, 2009, and immediately submitted a health care request for treatment. Plaintiff complained that he was unable to get out of bed or walk well. Plaintiff alleges that he was never seen by Health Care Services. Plaintiff filled out another request for health care on September 11, 2009. Plaintiff then filed a grievance on health care staff for ignoring his requests. On September 15, 2009, plaintiff alleges defendant Galloway told him that she would check into an appointment and an annual health screen. Plaintiff alleges that he did see defendant Clark on October 2, 2009, but she simply indicated that she did not know what was wrong with plaintiff's knee. Plaintiff complained of pain and

difficulty walking. Plaintiff alleges that defendant Clark indicated that plaintiff would have to see the doctor and an MRI was unlikely due to the cost. Plaintiff asserts that he has never been examined or received any treatment for his knee.

Defendant Galloway indicates that she responded to plaintiff's health care kite on September 13, 2009. She stated that she would check with the "scheduler" about plaintiff's appointment and annual health screen. Defendant Galloway left a note for the "scheduler" to make sure that plaintiff received an appointment and that he was on the list to receive an appointment. Defendant Galloway asserts that plaintiff never indicated that his medical situation was urgent or that he was in need of immediate attention. Defendant Galloway states that she received a second kite for medical care from plaintiff on September 29, 2009, requesting arch supports. Plaintiff stated "it's because I don't have my arch supports that my knee is hurting." On October 2, 2009, plaintiff was seen by nurse Clark for measurements for shoes. On October 5, 2009, plaintiff was seen by Physician's Assistant Kocha. Plaintiff requested prescription shoes so that he could play basketball. Plaintiff indicated that he could walk fine. A musculoskeletal examination showed that plaintiff's hips and knees appeared normal. Plaintiff was diagnosed with flat feet. Plaintiff reported no limitations walking, but stated that he needed insoles to play basketball. An annual health care screen was conducted on October 23, 2009. There was no discussion about knee pain during the examination.

On November 11, 2009, plaintiff received deep toe box shoes and on December 29, 2009, plaintiff received gel insoles. Nurse Galloway indicates that she never received any further requests from plaintiff for health care after September 28, 2009. Plaintiff did receive an examination on July 27, 2010, at the Chippewa Correctional Facility. Plaintiff indicated that he injured his knee a "few years ago playing basketball and last year while lifting . . . ." Plaintiff was provided

Ibuprofen and told to rest. There was no swelling, popping or crepitus noted in plaintiff's knee. Plaintiff did not limp and was able to walk on his own.

Defendant Galloway has moved for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates

prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65

(6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

Plaintiff has alleged that he never has been examined by a doctor or treated for his knee injury. Plaintiff complains that he continues to suffer with knee issues. Plaintiff has had multiple examinations and multiple opportunities to have his knee examined since his knee was initially injured in August of 2009. However, it does appear that there was unexplained delay in providing plaintiff an examination and treatment. Plaintiff received measurements for prescription shoes in October of 2009. His initial request for medical care was never addressed. Defendant does not even attempt to explain why no action was taken on the initial request. After plaintiff made a second request, defendant indicates that she simply notified the "scheduler." Whether plaintiff was subjected to a delay that violated his rights is a question of fact because plaintiff was not seen until two months after his injury. Further, it is not clear if plaintiff was actually seen for his injury or whether he was examined for some unrelated issue. Plaintiff was examined at his new correctional facility and was given pain relief medication and told to rest his knee, but this occurred in July of 2010. In the opinion of the undersigned, a question of fact exists regarding whether defendant was deliberately indifferent to plaintiff's claim of a knee injury and whether plaintiff was subjected to unnecessary pain due to the delay in treatment.

Defendant Galloway moves alternatively for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used

to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*.

Defendant nurse Galloway argues that she did not violate any clearly established right by simply making sure that the "scheduler" was aware that plaintiff had concerns about his knee and a physical was being scheduled for plaintiff. However, in the opinion of the undersigned, there remains a question of fact as to whether plaintiff was subjected to a delay in medical treatment due to deliberate indifference of defendant Galloway. Moreover, why the delay occurred is not a matter of record in this case.

Accordingly, it is recommended that defendant Galloway's motion for summary judgment (Docket #32) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                            /s/ Timothy P. Greeley
                            TIMOTHY P. GREELEY
                            UNITED STATES MAGISTRATE JUDGE

Dated: January 20, 2011