UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS BRIM,

    Plaintiff,

v.

Case No. 2:10-cv-64
HON. GORDON J. QUIST

MARY ROSE GALLOWAY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff prisoner Marcus Brim, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Alger Correctional Facility nurses Mary Rose Galloway and Roberta Clark. Plaintiff has filed a motion for a preliminary injunction to have defendants nurse Galloway or nurse Clark examine his knee and treat his knee if necessary.[1] Plaintiff is now housed at the Chippewa Correctional Facility. This matter was remanded by the District Court for further consideration on September 15, 2010, after my initial Report and Recommendation was rejected. The court indicated that plaintiff may have suffered a severe injury and may not have received any medical treatment for his injury.

Plaintiff alleges that he injured his knee while playing basketball on August 2, 2009 and immediately submitted a health care request for treatment. Plaintiff complained that he was unable to get out of bed or walk well. Plaintiff alleges that he was never seen by Health Care Services. Plaintiff filled out another request for health care on September 11, 2009. Plaintiff then

---

[1] Defendant Clark has not been served with a summons and complaint.

filed a grievance on health care staff for ignoring his requests. On September 15, 2009, plaintiff alleges defendant Galloway told him that she would check into an appointment and an annual health screen. Plaintiff alleges that he did see defendant Clark on October 2, 2009, but she simply indicated that she did not know what was wrong with plaintiff's knee. Plaintiff complained of pain and difficulty walking. Plaintiff alleges that defendant Clark indicated that plaintiff would have to see the doctor and an MRI was unlikely due to the cost. Plaintiff asserts that he has never been examined or received any treatment for his knee.

Defendant Galloway indicates that she responded to plaintiff's health care kite on September 13, 2009. She stated that she would check with the scheduler about an appointment and an annual health screen. Defendant Galloway left a note for the scheduler to make sure that plaintiff received an appointment and that he was on the list to receive an appointment. Defendant Galloway asserts that plaintiff never indicated that his medical situation was urgent or that he was in need of immediate attention. Defendant Galloway states that she received a second kite for medical care from plaintiff on September 29, 2009, requesting arch supports. Plaintiff stated "it's because I don't have my arch supports that my knee is hurting." On October 2, 2009, plaintiff was seen by nurse Clark for measurements for shoes. On October 5, 2009, plaintiff was seen by Physician's Assistant Kocha. Plaintiff requested prescription shoes so that he could play basketball. Plaintiff indicated that he could walk fine. A musculoskeletal examination showed that plaintiff's hips and knees appeared normal. Plaintiff was diagnosed with flat feet. Plaintiff reported no limitation on ambulation, but that he needed insoles to play basketball. An annual health care screen was conducted on October 23, 2009. There was no discussion about knee pain during the examination.

On November 11, 2009, plaintiff received deep toe box shoes and on December 29, 2009, plaintiff received gel insoles. Nurse Galloway indicates that she never received any further requests from plaintiff for health care after September 28, 2009. Plaintiff did receive an examination on July 27, 2010 at the Chippewa Correctional Facility. Plaintiff indicated that he injured his knee a "few years ago playing basketball and last year while lifting . . . ." Plaintiff was provided Ibuprofen and told to rest. There was no swelling, popping or crepitus noted in plaintiff's knee. Plaintiff did not limp and was able to walk on his own.

I have reviewed plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that plaintiff will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that plaintiff's request for a temporary restraining order be denied.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that defendant Galloway violated his federal rights. While is true that defendant Galloway never examined plaintiff, her role was to respond to plaintiff's medical kites. Defendant Galloway informed the scheduler to place plaintiff on the medical list. Contrary to plaintiff's complaint, plaintiff has been examined and treated on more than one occasion since he made a medical complaint. Initially, plaintiff received special shoes and inserts and more recently plaintiff was examined at a different Correctional Facility for knee pain. Plaintiff has not shown an immediate need for an examination of his knee at this time. Furthermore, plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief. Additionally, plaintiff is no longer housed at the facility where defendants are employed. Plaintiff has not shown that a more recent request for a medical examination was denied by any prison official at his current prison.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Plaintiff has also filed a separate motion for attorneys fees and monetary compensation because defendant Galloway attached plaintiff's medical records to her response brief. Plaintiff has also attached his medical records to his briefs. Certainly, plaintiff's medical records are necessary and extremely important to the subject matter of this lawsuit. While it would be preferred for defendants to obtain a waiver for the medical records from plaintiff, the court would have issued an order for the medical records absent a waiver from the plaintiff. Under the circumstances where plaintiff has placed his medical condition at issue in this lawsuit and plaintiff has presented medical records to support his claims, plaintiff really cannot claim that he was prejudiced by disclosure of his medical records.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that plaintiff's motion for a preliminary injunction (Docket #3) be denied. It is further recommended that plaintiff's motion for sanctions (Docket #41) be denied.

<u>NOTICE TO PARTIES</u>: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal

of those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
        TIMOTHY P. GREELEY
        UNITED STATES MAGISTRATE JUDGE

Dated: January 20, 2011