UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS BRIM,

    Plaintiff,                                  Case No. 2:10-CV-64

v.                                                  HON. GORDON J. QUIST

MARY ROSE GALLOWAY, et al.,

    Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

      Plaintiff prisoner, Marcus Brim, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he received inadequate medical care for a knee injury in violation of his Eighth Amendment rights. Plaintiff originally sued Prison Health Services, Inc., Jeannie Stephenson, R.N., Roberta Clark, R.N., and Mary Rose Galloway, R.N. On initial screening, this Court dismissed Defendants Prison Health Services, Inc. and Stephenson for failure to state a claim. The remaining Defendants, Galloway and Clark, have each filed motions for summary judgment. Plaintiff has filed a motion for a preliminary injunction and separate motion for sanctions. On January 20, 2011, magistrate judge Timothy Greeley issued a report and recommendation ("R & R"), recommending that Defendant Galloway's motion for summary judgment be denied. Defendant Galloway timely filed objections. Also on January 20, 2011, magistrate judge Timothy Greeley issued a second R & R, recommending the denial of Plaintiff's motions for preliminary injunctive relief and sanctions. Plaintiff timely filed objections, but challenged only the denial of his motion for sanctions. Having reviewed de novo the R & Rs, related briefs, all objections, and relevant portions of the record, the Court concludes as follows: (1) that the R & R recommending the denial of Plaintiff's motions for preliminary injunctive relief and sanctions should be adopted as the opinion of the Court; (2) that

the R & R recommending the denial of Defendant Galloway's motion for summary judgment should be rejected; and (3) that Defendant Galloway's motion for summary judgment should be granted.

**BACKGROUND**

Plaintiff alleges that on August 2, 2009, he injured his knee playing basketball and immediately submitted a health care request. (Am. Compl. at 2.) Plaintiff has submitted a copy of the request, dated August 2, 2009, which states as follows: "About a year ago I hurt my knee really bad to the point I could not walk the othe [sic] day I was playing ball I believe I re hurt it, so now its [sic] really hard for me to get in and out of the bed I would like to have my knee looked at." (Ex. 5 to Pl.'s Resp. to Galloway's Mot. for S.J.) Defendant Clark responded to the request on August 7, 2009. Her response indicates that Plaintiff was scheduled for an appointment on or about August 9, 2009. (Ex. 5-A to *id.*) This appointment never took place, however, apparently due to "lengthy clinic lists" on that date. (Compl. Ex. 1-A.) On September 11, 2009, Plaintiff submitted a second health care request, reporting that his knee pain was ongoing and that it was to the point that he could not do much. (Ex. A to Pl.'s Resp. to Galloway's Mot. for S.J.) Plaintiff then filed a grievance on health care staff for ignoring his requests.

Defendant Galloway responded to Plaintiff's September 11th health care request on September 13, 2009, the same date she alleges having received it, stating that she would "check with scheduler about appointment and annual health screening." (Ex. B to *id.*). Defendant Galloway indicates that she left a note for the scheduler to make sure that Plaintiff received an appointment and that he did not fall through the cracks. (Galloway Aff. ¶ 4.) On September 26, 2009, Defendant Galloway received a second kite for medical care from Plaintiff in which he requested shoes and arch supports and stated "It's b/c I don't have my arch supports that my knees is hurting." (Att. 2 to Galloway's Resp. to Pl's Mot. for Prelim. Inj.) Galloway responded on September 28, 2009,

stating that this was the first she had heard anything regarding shoes or arch supports, but that she would schedule him for an evaluation as to that request. (*Id.*)

On October 2, 2009, Plaintiff was seen by Defendant Clark and measured for prescription shoes. With regard to his knee pain, Plaintiff alleges that Defendant Clark simply looked at his knee and said that she did not know what was wrong with it, that he would be given an appointment with a doctor, but that an MRI was unlikely due to cost. (Am. Compl. 3.) On October 5, 2009, Plaintiff was seen by Joshua D. Kocha, P.A. According to Kocha's report, Plaintiff's chief complaint was that he wanted prescription shoes so that he could play basketball. (Att. 4 to Galloway's Resp. to Pl.'s Mot. for Prelim. Inj.) A musculoskeletal examination found that both knees appeared normal. Plaintiff reported no limitation on ambulation, but indicated that he needed insoles for playing basketball. The report makes no mention of knee pain, although Plaintiff asserts that he tried to raise the issue, but Kocha refused to address it. An annual healthcare screening was conducted on October 23, 2009, but there was no discussion of knee pain during that exam. (Att. 5 to *id.*)

Plaintiff received deep toe box shoes on November 11, 2009, and gel insoles on December 29, 2009. Finally, on July 27, 2010, after having been transferred to another facility, Plaintiff received another examination specifically regarding his knee pain. According to the report from that examination, Plaintiff indicated that he injured his right knee a few years ago playing basketball and re-injured it last year while lifting. The report indicates that Plaintiff's gait was normal, he had no limp, and that there was no swelling, popping, or crepitus noted with movement. Plaintiff was told to rest, to avoid sports and lifting, and was prescribed Ibuprofin. (Ex. D to Pl.'s Resp. to Galloway's Mot. for S.J.)

ANALYSIS

**Defendant Galloway's Motion for Summary Judgment**

Noting that Plaintiff was not seen until two-months after the alleged August 2, 2009, injury and that Defendant Galloway does not attempt to explain why no action was taken on the initial health care request, the magistrate judge recommends that Defendant Galloway's motion for summary judgment be denied. He suggests that there exists a question of fact as to whether Defendant Galloway was deliberately indifferent to Plaintiff's claim of knee injury and whether Plaintiff was subjected to unnecessary pain due to the delay in treatment. With her objections, Defendant Galloway asserts that Plaintiff simply has not presented sufficient evidence to establish a claim of deliberate indifference. The Court agrees.

As set forth in the report and recommendation, Plaintiff's § 1983 claim requires a showing that Defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 102, 106, 97 S. Ct. 285, 292 (1976). A claim of deliberate indifference has both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994). The objective component is satisfied where "the seriousness of a prisoner's needs for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). However, where the claim involves "minor maladies or non-obvious complaints of a serious need for medical care," *id.* at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001). The subjective component requires that the defendants have "a sufficiently culpable state of mind in denying medical care." *Blackmore*, 390 F.3d at 895. This "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm with result." *Id.* at

895-96 (internal quotations and citations omitted.).  The Court finds that Plaintiff's claim against Defendant Galloway cannot survive the test for deliberate indifference.

As an initial matter, this is not a case where the seriousness of the need for medical care is so obvious as to satisfy the objective component without verifying medical evidence.  Instead, Plaintiff's complaints of knee pain and contemporaneous requests for arch supports so that he may continue playing basketball likely place him in the realm of *Napier* as a "non-obvious" complaint of serious need for medical care.  Therefore, to satisfy the objective component of deliberate indifference, Plaintiff must place "verifying medical evidence in the record" to establish that the delay in treatment had some detrimental effect.  *Napier*, 238 F.3d at 742; *see also Reid v. Sapp*, 84 F. App'x 550, (6th Cir. 2003) (applying *Napier* to a knee injury claim). Yet, Plaintiff has not done so.  There is no medical evidence in the record establishing any adverse consequences resulting from the delay in treatment.  Without such evidence, Plaintiff fails to establish the objective component of his deliberate indifference claim.

Furthermore, even if Plaintiff's injury were sufficiently serious so as to satisfy the objective component without further proof, the Court finds that there is insufficient evidence from which a reasonable jury could find the subjective component to be satisfied.  As Defendant Galloway notes in her objections, there is no allegation that she knew of Plaintiff's initial health care request.  She first became involved upon her receipt of Plaintiff's September 11, 2009, health care request, to which she immediately responded that she would refer his request to the medical scheduler.  There is no allegation that she did not do so.  Her only other involvement came upon her receipt of Plaintiff's second medical kite on September 26, 2009, to which she once again immediately responded, indicating that he would be scheduled for an evaluation for prescription shoes and arch supports.  Just two weeks after Defendant Galloway became involved, Plaintiff was seen by PA

5

Kocha, who indicated that Plaintiff's knee appeared normal, that he no difficulty with ambulation, and that his primary request was for arch supports so that he could continue playing basketball. By the end of December, Plaintiff had been both given both prescription shoes and gel insoles. Defendant Galloway received no further complaints from Plaintiff after she responded to the second kite. A prison official is deliberately indifferent only if she actually knows that the inmate faces a "substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847, 114 S. Ct. at 1984. No reasonable jury could find such to be the case under the circumstances presented here. *See e.g., Carson v. Monroe*, No. 2:07-CV-29, 2009 WL 4110286, at *5, 7 (W.D. Mich. 2009) (finding that plaintiff had failed to establish deliberate indifference against a nurse who responded to plaintiff's medical kites regarding his knee injury, scheduled plaintiff for medical examinations, and examined plaintiff at one point, even if the plaintiff was ultimately dissatisfied with the adequacy of the medical care he received).

For these reasons, the Court finds that Plaintiff has failed to allege a constitutional violation for the denial of medical care against Defendant Galloway. Alternatively, Defendant Galloway moves for dismissal based upon qualified immunity. Because the Court concludes that Plaintiff has not alleged a constitutional violation, qualified immunity is warranted. *Pearson v. Callahan*, 129 S. Ct. 808, 816 (2009). Therefore, Defendant Galloway's motion for summary judgment will be granted.

**Plaintiff's Motions for Preliminary Injunctive Relief and Sanctions**

Because Plaintiff has not objected to the portion of the R & R recommending the denial of his motion for a preliminary injunction, the Court will adopt it as the opinion of the Court without further discussion. As to the portion denying his motion for sanctions, Plaintiff's objections are overruled. Because the denial of a motion for sanctions is a non-dispositive matter, the Court will

overturn the magistrate judge's recommendation only if it is "clearly erroneous or contrary to the law." 28 U.S.C. 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).

As an initial matter, the Court notes that Plaintiff has not demonstrated his compliance with the safe harbor provisions of Rule 11, which in and of itself is reason for the motion to be denied. *See McGhan v. Kalkaska Cnty. Dep't of Human Servs.*, No. 1:08-CV-1113, 2009 WL 2170151, at *14 (W.D. Mich. July 20, 2009) ("Because Christopher has not demonstrated his compliance with the mandatory safe harbor provisions of Rule 11, his motion for sanctions must be denied.") (citing *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510-11 (6th Cir. 2002)).

In addition, Plaintiff has not shown that the magistrate judge's conclusion is clearly erroneous or contrary to the law. Plaintiff seeks sanctions on the grounds that Defendant Galloway attached copies of his medical records to her motion for summary judgment, which he alleges violated his privacy rights under state and federal law. The Court agrees with the magistrate judge that because Plaintiff has placed his medical condition at issue in this lawsuit, the Court could have issued an order for such records even over Plaintiff's objection. By bringing this suit and placing his medical condition at issue, he has essentially waived any privacy protection he may have had and an award of sanctions would be inappropriate. *See Shultz v. Berrios*, No. 10-10486, 2010 WL 5865372, at *6 (E.D. Mich. Nov. 22, 2010) (refusing to issue sanctions based on the same arguments where defendants attached the plaintiff's parole hearing record to their motion for summary judgment); *see also Coleman v. Martin*, 63 F. App'x 791, 793 (6th Cir. 2003) (rejecting a prisoner's similar privacy argument based on the dissemination of his mental health records to the parole board because "the Constitution does not encompass a general right to nondisclosure of private information.") (quoting *Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir. 1994)).

Plaintiff also seeks sanctions because Defendant Galloway submitted an affidavit in support

7

of her motion for summary judgment containing what he alleges to be false statements. Plaintiff's objections accurately point out that the magistrate judge did not specifically address this aspect of his motion. Nonetheless, the Court finds that there is no actual evidence from which to conclude that either of the statements that Plaintiff contests are false or misleading, let alone that they were made in bad faith. The first statement Plaintiff contests is found in paragraph 12: "The documents referenced in this affidavit are records of regularly conducted activity of the Michigan Department of Corrections." (Galloway Aff. ¶ 12.) Plaintiff simply asserts that this is inaccurate because the records are actually kept by the Bureau of Health Services, but he provides no support for this position nor does he explain how prejudice could possibly result. *See Trs. of Plumbers & Steamfitters Local Union No. 43 Health & Welfare Fund v. Crawford*, 573 F. Supp. 2d 1023, 1039 (E.D. Tenn. 2008) ("For sanctions to be appropriate, the [false] affidavits must have prejudiced the opposing party.") (citing *Sutton v. United States SBA*, 92 F. App'x 112, 117 (6th Cir. 2003)). The second statement is found in paragraph 5: "At no time did Mr. Brim communicate *to me* that his situation was urgent or emergent and that he needed immediate medical attention for any reason." (Galloway Aff. ¶ 5) (emphasis added.) Plaintiff presents no evidence that this statement is actually false. Instead he notes that on his health care request forms he checked the box marked "urgent." At most, this raises a question of fact as to whether Galloway had knowledge that Plaintiff perceived his condition as urgent, but not that Plaintiff actually communicated directly to Galloway any such information. Therefore, Plaintiff's motion for sanctions will be denied. Accordingly,

**IT IS HEREBY ORDERED** that the R & R, issued January 20, 2011, recommending the dismissal of Plaintiff's motions for preliminary injunctive relief and sanctions (docket no. 57) is **APPROVED and ADOPTED** as the opinion of the Court. Plaintiff's Motion for Preliminary Injunction (docket no. 3) and Motion for Sanctions (docket no. 41) are **DENIED**.

**IT IS FURTHER ORDERED** that the R & R, issued January 20, 2011, recommending the denial of Defendant Galloway's motion for summary judgment (docket no. 56) is **REJECTED**. Defendant Galloway's Motion for Summary Judgment (docket no. 32) is **GRANTED**, and Plaintiff's claims against Defendant Galloway are **DISMISSED**.

A separate judgment will issue.


Dated: March 23, 2011                                           /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE