UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS M. BRIM,

    Plaintiff,

v.                                              Case No. 2:10-cv-64
                                              HON. GORDON J. QUIST

ROBERTA CLARK, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff Marcus M. Brim, a prisoner at the Alger Maximum Correctional Facility (LMF), filed this 42 U.S.C. § 1983 action against Defendants Prison Health Services, Inc., Jeannie Stephenson, R.N., Robert Clark, R.N., and Mary Rose Galloway, R.N. In his complaint, Plaintiff alleges that on August 2, 2009, he injured his knee playing basketball and immediately submitted a health care request for treatment, explaining that he was unable to get in and out of bed or to walk well. On August 4, 2009, Plaintiff received a response to his request from Defendant Clark, stating that he would be seen by health care staff on August 9, 2009. However, Plaintiff was not seen by health care on that date.

        On September 11, 2009, Plaintiff filled out a second health care request, complaining that he was practically immobilized by his knee pain. On September 13, 2009, Plaintiff filed a grievance on health care staff for ignoring his medical needs. On September 15, 2009, Defendant Galloway responded to the September 11, 2009, kite by stating that she would check on an

appointment and annual health screen for Plaintiff. On October 2, 2009, Defendant Clark saw Plaintiff, but did nothing more than look at his knee and tell him that she did not know what was wrong. Defendant Clark told Plaintiff he would be given a doctor's appointment, but she doubted that he would be given an MRI because of the cost. Plaintiff states that on October 19, 2009, Defendant Stephenson wrote a step II response to Plaintiff's grievance, stating that he had seen health care staff on October 5, 2009, for his knee pain. Plaintiff states that this is not true, because his October 5, 2009, appointment was merely regarding his request for shoes and that staff would not address his knee injury. Plaintiff claims that Defendants' conduct violated his rights under the Eighth Amendment and seeks compensatory and punitive damages, as well as injunctive relief.

On June 29, 2010, the Court dismissed Plaintiff's claims against Defendants Prison Health Services and Stephenson with prejudice for failure to state a claim. However, the Court concluded that Plaintiff's claims against Defendants Clark and Galloway were not clearly frivolous and ordered that the complaint be served on Defendants Clark and Galloway. Thereafter, Defendants Galloway and Clark filed motions for summary judgment and on March 23, 2011, the Court granted Defendant Galloway's motion for summary judgment (docket #77).

Presently before the Court is Defendant Clark's Motion for Summary Judgment, filed pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on

2

its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff complains that his Eighth Amendment rights were violated when he was denied medical care after injuring his knee playing basketball on August 2, 2009.  Plaintiff states in his Amended Complaint that he immediately notified healthcare services about the injury, saying that he was unable to get out of bed and unable to walk properly.  A review of Plaintiff's medical records for the pertinent dates reveals that Plaintiff kited health care regarding his knee injury on August 3, 2009, and that he was scheduled to be seen on or about August 9, 2009.  However, it appears that Plaintiff was not seen until October 2, 2009, when Defendant Clark measured and traced his feet, determining that his right foot was a 9½D, and his left foot was a 9D.  Defendant Clark requested a follow-up visit with the medical service provider so that Plaintiff could be assessed for deep toe box shoes and arch supports.  On October 5, 2009, Plaintiff was seen by Physician's Assistant Joshua D. Kocha, P.A.  According to Kocha, Plaintiff reported no limitation to ambulation, but stated that

3

he required insoles to play basketball. Plaintiff informed Kocha that he purchased his own gel insoles because the small ones the MDOC provided did not work for him. Kocha's examination of Plaintiff revealed that his right and left knees were normal, as was Plaintiff's balance and gait. The examination showed that Plaintiff had fallen arches bilaterally, but was able to ambulate without difficulty. Plaintiff was notified that he would not receive prescription shoes at that time.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Estelle*, 429 U.S. at 105-06 (quotations omitted).

Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

As noted by the Court in its March 23, 2011, opinion granting summary judgment to Defendant Galloway:

5

> [T]his is not a case where the seriousness of the need for medical care is so obvious as to satisfy the objective component without verifying medical evidence. Instead, Plaintiff's complaints of knee pain and contemporaneous requests for arch supports so that he may continue playing basketball likely place him in the realm of *Napier* as a "non-obvious" complaint of serious need for medical care. Therefore, to satisfy the objective component of deliberate indifference, Plaintiff must place "verifying medical evidence in the record" to establish that the delay in treatment had some detrimental effect. *Napier*, 238 F.3d at 742; *see also Reid v. Sapp*, 84 F. App'x 550, (6th Cir. 2003) (applying *Napier* to a knee injury claim). Yet, Plaintiff has not done so. There is no medical evidence in the record establishing any adverse consequences resulting from the delay in treatment. Without such evidence, Plaintiff fails to establish the objective component of his deliberate indifference claim.

(Opinion, docket #77, at 5.)

As set forth above, Plaintiff's medical record does not support his assertion that he suffered a serious medical injury. Rather, an examination revealed no knee injury, but merely found that Plaintiff suffered from fallen arches and indicated a need for insoles when playing basketball. Because this condition does not rise to the level of a serious medical injury, Defendant Clark is entitled to summary judgment on Plaintiff's Eighth Amendment claim.

Defendant Clark claims that because her actions did not constitute deliberate indifference to Plaintiff's medical needs, she is entitled to qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances

two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id.* As previously discussed, because plaintiff cannot establish that his constitutional rights were violated, Defendant Clark is entitled to qualified immunity.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant Clark's motion for summary judgment. Accordingly, it is recommended that Defendant Clark's Motion for Summary Judgment (Docket #62) be granted and that this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendant's motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
        TIMOTHY P. GREELEY
        UNITED STATES MAGISTRATE JUDGE

Dated:  July 14, 2011