UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS BRIM,

       Plaintiff,                                Case No.  2:10-CV-64

v.                                                 HON. GORDON J. QUIST

ROBERTA CLARK,

       Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**

Plaintiff prisoner, Marcus Brim, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he received inadequate medical care for a knee injury in violation of his Eighth Amendment rights.  Plaintiff originally sued Prison Health Services, Inc., Jeannie Stephenson, R.N., Roberta Clark, R.N., and Mary Rose Galloway, R.N.  On initial screening, this Court dismissed Defendants Prison Health Services, Inc. and Stephenson for failure to state a claim.  The remaining Defendants, Galloway and Clark, filed separate motions for summary judgment. By Memorandum Opinion and Order dated March 23, 2011, the Court granted summary judgment in favor of Defendant Galloway.  Magistrate Judge Timothy P. Greeley has now issued a Report and Recommendation ("R & R"), recommending that Defendant Clark's motion also be granted and that the case be dismissed in its entirety.  Plaintiff has filed objections.  Having conducted a *de novo* review of the R & R, the objections, and pertinent portions of the record, the Court concludes that the R & R should be adopted.

The facts giving rise to this dispute are well-documented in both the R & R and the Court's March 23, 2011, Memorandum Opinion and Order granting summary judgment in favor of Defendant Galloway.  They will be repeated here only as necessary to the Court's analysis.

Plaintiff's § 1983 claim requires a showing that Defendant Clark was deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 102, 106, 97 S. Ct. 285, 292 (1976). A claim of deliberate indifference has both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994). The objective component is satisfied where "the seriousness of a prisoner's needs for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). However, where the claim involves "minor maladies or non-obvious complaints of a serious need for medical care," *id.* at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001). The subjective component requires that the defendant have "a sufficiently culpable state of mind in denying medical care." *Blackmore*, 390 F.3d at 895. This "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm with result." *Id.* at 895-96 (internal quotations and citations omitted).

Quoting the following language from the Court's Memorandum Opinion and Order granting summary judgment in favor of Defendant Galloway, the R & R concludes that Plaintiff has not established the objective component of his deliberate indifference claim against Defendant Clark:

> As an initial matter, this is not a case where the seriousness of the need for medical care is so obvious as to satisfy the objective component without verifying medical evidence. Instead, Plaintiff's complaints of knee pain and contemporaneous requests for arch supports so that he may continue playing basketball likely place him in the realm of *Napier* as a "non-obvious" complaint of serious need for medical care. Therefore, to satisfy the objective component of deliberate indifference, Plaintiff must place "verifying medical evidence in the record" to establish that the delay in treatment had some detrimental effect. *Napier*, 238 F.3d at 742; *see also Reid v. Sapp*, 84 F. App'x 550 (6th Cir. 2003) (applying *Napier* to a knee injury claim). Yet, Plaintiff has not done so. There is no medical evidence in the record establishing any adverse consequences resulting from the delay in treatment. Without such evidence, Plaintiff fails to establish the objective component of his deliberate indifference claim.

(Mem. Op. & Order, March 23, 2011, at 5.)

With his objections, Plaintiff contends that the magistrate ignored the medical evidence he attached to his brief in opposition to Defendant Clark's motion for summary judgment. Specifically, Plaintiff points the Court's attention to the record of an examination by Doctor Jesus C. Neri on August 11, 2010, a year after the injury in question, in which Dr. Neri examined Plaintiff's knee in response to his complaints of pain. (Pl.'s Opp'n Br. Ex. 16.) The report indicates that a physical exam revealed "Right knee tenderness, mild pain w/motion." (*Id.*) Dr. Neri's assessment was "Sprain, knee, lateral colatr lgmt (844.0), Fair," for which he prescribed Excedrin and a hot water bottle, and ordered Plaintiff to follow an exercise program and to follow-up if the condition worsened. (*Id.*) Contrary to Plaintiff's contention, this evidence does not demonstrate any adverse consequences resulting from the delay in treatment (i.e., that it caused Plaintiff's condition to deteriorate or worsen). *See Napier*, 238 F.3d at 742; *Blackmore*, 390 F.3d at 899-900. Therefore, the Court will overrule Plaintiff's objections and adopt the R & R's conclusion that Plaintiff has not established the objective component of his deliberate indifference claim.

In the alternative, the Court finds that even if Plaintiff had established the objective component of his claim, the evidence does not support that Defendant Clark had a sufficiently culpable state of mind to satisfy the subjective component. Defendant Clark received Plaintiff's initial healthcare request on August 3, 2009, and responded August 7, 2009, explaining that Plaintiff was scheduled to be seen on or about August 9, 2009. (Def.'s Mot. for Summ. J. Ex. B Attach.1.) Plaintiff was not seen on August 9, 2009, apparently due to "lengthy clinic lists" on that date. (Pl.'s Opp'n Br. Ex. Step 1 Grievance Response.) However, there is no allegation or evidence that Defendant Clark had anything to do with the missed appointment or was personally responsible for seeing that it was rescheduled.

The next time Defendant Clark heard from Plaintiff was during his October 2, 2009, appointment in which she measured him for prescription shoes. With regard to his knee pain,

3

Plaintiff alleges that Defendant Clark simply looked at his knee and said that she did not know what was wrong with it, that he would be given an appointment with a doctor, but that an MRI was unlikely due to cost. Plaintiff's medical records demonstrate that on that same date Defendant Clark ordered a follow-up visit for October 5, 2009 to "assess for deep toe box shoe and arch supports, evaluate right knee pain." (Def.'s Mot. for Summ. J. Ex. B, Attach. 1.) Plaintiff was seen on October 5, 2009, by Physician's Assistant Joshua D. Kocha, although Plaintiff alleges that the appointment was merely regarding prescription shoes and that PA Kocha refused to address his knee injury. There is no allegation, however, that Defendant Clark was responsible for ensuring that the follow-up visit she ordered was carried out as she ordered it to be or that she was somehow responsible for or even knew of PA Kocha's refusal to address his knee pain.

A prison official is deliberately indifferent only if she actually knows that the inmate faces a "substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847, 114 S. Ct. at 1984. No reasonable jury could find such to be the case under the circumstances presented here. *See e.g., Carson v. Monroe*, No. 2:07-CV-29, 2009 WL 4110286, at *5, 7 (W.D. Mich. 2009) (finding that plaintiff had failed to establish deliberate indifference against a nurse who responded to plaintiff's medical kites regarding his knee injury, scheduled plaintiff for medical examinations, and examined plaintiff at one point, even if the plaintiff was ultimately dissatisfied with the adequacy of the medical care he received). Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation, issued July 14, 2011 (docket no. 79) is **APPROVED** and **ADOPTED** as the Opinion of the Court, and Plaintiff's Objection to Magistrate Report and Recommendation Regarding Motion for Summary Judgment (docket no. 80) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Clark's Rule 56(b) Motion for Summary Judgment (docket no. 62) is **GRANTED**.

**IT IS FURTHER ORDERED** that, for the same reasons the Court grants summary judgment in favor of Defendant Clark, there is no good faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007).

This case is **closed**.

Dated: August 9, 2011                                             /s/ Gordon J. Quist
                                                                              GORDON J. QUIST
                                                                      UNITED STATES DISTRICT JUDGE